THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CV-59-FL

JAMES VECCHIONE )
　　　　　　　　　　　　　　　　　　 )
　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　 )
　　　v. ) **ORDER AND MEMORANDUM**
　　　　　　　　　　　　　　　　　　 ) **AND RECOMMENDATION**
US BANK NATIONAL ASSOCIATION, )
and OPTION ONE MORTGAGE )
CORPORATION, INC., )
　　　　　　　　　　　　　　　　　　 )
　　　Defendant. )

This matter is before the court on Plaintiff James Vecchione's pro se application to proceed in forma pauperis and for frivolity review. [DE-1]. Vecchione has demonstrated appropriate evidence of inability to pay the required court costs. Accordingly, his application to proceed in forma pauperis under 28 U.S.C. § 1915(a) is allowed.

Nonetheless, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. See Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing sua sponte dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In making the frivolity determination, pro se complaints are entitled to more liberal

treatment than pleadings drafted by attorneys. See White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). However, the Court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). Absent such wholly fantastic claims, the "initial assessment of the in forma pauperis plaintiff's factual allegations must be weighted in favor of the plaintiff." Id. at 32. Nevertheless, a plaintiff may not simply present conclusions, but must allege some minimum level of factual support for the claims raised in order to avoid dismissal. See White, 886 F.2d at 724.

The court follows the principle that pro se pleadings should not be held to the same stringent standards as those of attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and has liberally construed Vecchione's complaint [DE-1], as well as his proposed amended complaint [DE-3]. Nonetheless, even a solicitous examination of the allegations requires that Vecchione present more particularized facts in order to present a claim upon which relief may be granted.

Here, Vecchione seems to be asserting that the mortgage company that provided him the mortgage for his home somehow wronged him. However, it is virtually impossible to discern what exactly Vecchione alleges Defendants to have done. He states that "Defendant Option One Mortgage Inc holding the notes failed to disclose all. Namely the demand deposit made as a direct result of the Plaintiff execution of the wet ink," and that it "failed to issue constitutional dollars." [DE-3, ¶¶ 3, pg 5, 7 pg. 6]. In addition he claims that he believes Defendants "to have used a common practice which was used by the Goldsmiths who keep the coins on deposit in their warehouse, thus creating money out of thin air." [DE-3, ¶ 9, pg 7]. Although Plaintiff asserts that diversity jurisdiction, and subject

2

matter jurisdiction are satisfied, he must also allege a minimum of facts to support his allegations. See White, 886 F.2d 721, 722-23 (4th Cir. 1989) (noting that in order to avoid dismissal, a pro se plaintiff must allege some minimum level of factual support for the claims raised). In this case, Plaintiff has failed to set forth coherent claims or provide adequate factual support within his complaint. Accordingly, the court recommends that his complaint be dismissed as frivolous. See Neitzke, 490 U.S. at 325.

## CONCLUSION

Accordingly, for the reasons stated above, the court **GRANTS** Plaintiff's motion to proceed in forma pauperis. [DE-1]. In addition, the court **RECOMMENDS** that the underlying complaint be **DISMISSED**. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 10th day of March 2009.

DAVID W. DANIEL
United States Magistrate Judge