IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-59-FL

| | |
|---|---|
| JAMES VECCHIONE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>US BANK NATIONAL ASSOCIATION, )<br>and )<br>OPTION ONE MORTGAGE )<br>CORPORATION, INC., )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on plaintiff's objections to the order and memorandum and recommendation ("M&R") entered by the United States Magistrate Judge. The M&R granted plaintiff's application to proceed *in forma pauperis*, but also recommended this court dismiss plaintiff's claims pursuant to frivolity review under 28 U.S.C. § 1915(e)(2). Specifically, the M&R concluded that plaintiff had failed to set forth coherent claims or to provide adequate factual support within his complaint.

Plaintiff objects to the M&R on a variety of grounds, including that the M&R violates his 14th Amendment Due Process rights, his 7th Amendment right to trial by jury, and a series of objections regarding defendants' alleged failure to produce the original mortgage note on plaintiff's house. Plaintiff further appears to allege that the mortgage on his house is unconstitutional, that "lawful money" is no longer available in the United States economic system, and indeed appears to allege that the entire modern United States banking system is likewise unconstitutional.

In support of his arguments, plaintiff cites a variety of laws which have no application to his current case, and to an unreported Minnesota case in which a justice of the peace accepted the similar arguments of a defendant who sought to prevent the foreclosure of his house by contending that the loan provided by the bank had been created out of thin air. (See Pl.'s Objections 10, DE # 6.) The case cited by plaintiff has long since been overruled by the Minnesota Supreme Court, but nevertheless appears to have found favor among litigants filing frivolous challenges to the United States banking system. See Sneed v. Chase Home Fin. LLC, 2007 U.S. Dist. LEXIS 46536, *8-12, 2007 WL 1851674, *3-4 (S.D. Cal. June 26, 2007) (discussing the Minnesota case cited by plaintiff in a suit with facts similar to the instant case). The court's explanation in Sneed fully addresses the arguments advanced by plaintiff in his objections to the M&R:

> It has long been established that Federal Reserve Notes are legal tender and that legal tender need not consist of silver or gold coin. See generally Norman v. Baltimore & Ohio R. Co., 294 U.S. 240, 303, 55 S.Ct. 407, 414, 79 L. Ed. 885 (1935) (explaining the validity and effect of federal acts providing for the issuance of currency, and affirming the status of Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations as legal tender); Foret v. Wilson, 725 F.2d 254, 254-55 (5th Cir. 1984) ("[The] argument, that only gold and silver coin may be constituted legal tender by the United States, is hopeless and frivolous, having been rejected finally by the United States Supreme Court one hundred years ago.") (citing Juilliard v. Greenman, 110 U.S. 421, 4 S. Ct. 122, 28 L. Ed. 204 (1884)). Furthermore, it is equally well-established that checks or other instruments redeemable for Federal Reserve notes have value. United States v. Wangrud, 533 F.2d 495, 495 (9th Cir. 1976) (affirming conviction of defendant who refused to pay taxes on the grounds that he received checks, not money, and noting that defendant's arguments had "absolutely no merit.") Finally, U.S. Const., § 10, cl. 1 merely restricts the powers of states, not the federal government, to issue money. . . . Furthermore, the Minnesota cases cited by Plaintiff are not only unreported, but they have been vacated by the Minnesota Supreme Court in reported decisions. See In re Daly, 284 Minn. 567, 171 N.W.2d 818; Zurn v. Northwestern Nat. Bank of Minneapolis, 170 N.W.2d 600, 284 Minn. 573 (Minn. 1969); Daly v. Savage State Bank, 171 N.W.2d 218, 218, 285 Minn. 503, 503 (Minn. 1969). Plaintiff is hereby admonished she must not cite any decision under which Justice Martin Mahoney purported to question the validity of federal currency or the Constitutionality of the Federal Reserve Act, nor

2

may she cite any opinion or decision as authoritative which no longer has authoritative status.

Id. at *10-12.

Plaintiff's claims that the M&R entered by the magistrate judge somehow violates a variety of his constitutional rights are similarly without merit. United States Magistrate Judges may constitutionally carry out a wide variety of judicial duties assigned them by district courts. See 28 U.S.C. § 636; United States v. Raddatz, 447 U.S. 667, 677-80 (1980) (affirming the constitutionality of § 636 where that statute protects the due process rights of litigants by vesting ultimate authority for making dispositive decisions with the district court judge). Plaintiff was properly afforded all due process protections set forth in § 636. Consequently, his objection on due process grounds fails. Plaintiff's objections that the M&R violates his right to trial by jury are likewise without merit. A determination that claims are frivolous is a "legal determination as to whether there 'exists substantiality as to such a claim, of justiciable basis and of impressing reality.'" Serna v. O'Donnell, 70 F.R.D. 618, 621 (W.D. Mo. 1976) (citing Carey v. Settle, 351 F.2d 483 (8th Cir. 1965)). As a legal determination, it is not subject to the Seventh Amendment's guarantee of a trial by jury. See Rhea v. Massey-Ferguson, Inc., 767 F.2d 266, 269 (6th Cir. 1985) (internal citations and quotations omitted) ("The Seventh Amendment was designed to preserve the basic institution of jury trial in only its most fundamental elements, not the great mass of procedural forms and details. At the core of these fundamental elements is the right to have a jury ultimately determine the issues of fact if they cannot be settled by the parties or determined as a matter of law.").

For the foregoing reasons, plaintiff's objections to the M&R are hereby OVERRULED. Except as heretofore stated, the court adopts the findings and recommendations of the M&R as its

3

own. Consequently, plaintiff's complaint is DISMISSED.

SO ORDERED, this the 19th day of April, 2009.

                                  LOUISE W. FLANAGAN
                                  Chief United States District Judge